UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | S2 15 Cr. 95-028 (AJN) |
| - v. - | : | |
| DEVANTE JOSEPH, | : | |
| *Defendant.* | : | |

------------------------------------------------------------------x

# MOTION TO VACATE CONVICTION
# UNDER 28 U.S.C. § 2255

Sarah Baumgartel
Federal Defenders of New York
52 Duane Street, 10th Floor
New York, New York 10007
Tel.: (212) 417-8772
Counsel for Devante Joseph

TO: Geoffrey Berman, Esq.
United States Attorney
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007
Attn: AUSA Jessica K. Feinstein
.

## TABLE OF CONTENTS

BACKGROUND ............................................................................................................. 1

ARGUMENT ................................................................................................................... 5

    I.    Applicable Law ................................................................................................. 5

        A.  The Standard for Relief Under 28 U.S.C. § 2255 ........................................ 5

        B.  The Categorical Approach to Crimes of Violence ....................................... 5

    II.   Mr. Joseph's § 924(c) conviction should be vacated. ....................................... 6

CONCLUSION ............................................................................................................... 10

## TABLE OF AUTHORITIES

**Cases**

*Davis v. United States,*
  No. 18 Civ. 1308 (VB), 2019 WL 3429509 (S.D.N.Y. Jul. 30, 2019) ...................... 8

*Descamps v. United States,*
  570 U.S. 254 (2013) ............................................................................................... 6

*Johnson v. United States,*
  135 S. Ct. 2552 (2015) ........................................................................................... 4

*Salinas v. United States,*
  522 U.S. 52 (1997) .............................................................................................. 7-8

*Schriro v. Summerlin,*
  542 U.S. 348 (2004) ........................................................................................... 9-10

*Sessions v. Dimaya,*
  138 S. Ct. 1204 (2018) ........................................................................................... 4

*Shepard v. United States,*
  544 U.S. 13 (2005) ................................................................................................. 6

*Taylor v. United States,*
  495 U.S. 575 (1990) ............................................................................................... 6

*United States v. Acosta,*
  470 F.3d 132 (2d Cir. 2006) ................................................................................... 6

*United States v. Arrington,*
  2019 WL 5276747 (2d Cir. Oct. 18, 2019) ........................................................ 7, 8

*United States v. Barrett,*
  937 F.3d 126 (2d Cir. 2019) .............................................................................. 5-6, 9

*United States v. Davis,*
  139 S. Ct. 2319 (2019) .................................................................................. *passim*

*United States v. Davis,*
  No. 13-50368, 2019 WL 3991883 (9th Cir. Aug. 23, 2019) .................................. 9

*United States v. Dibiase,*
  No. 12 Cr. 834 (ER) (S.D.N.Y. Jul. 24, 2019) ....................................................... 8

*United States v. Johnson,*
  No. 16 Cr. 281 (PGG), 2019 WL 4451320 (S.D.N.Y. Sep. 17, 2019) ..................... 8

*United States v. Jones,*
  935 F.3d 266 (5th Cir. 2019) .............................................................................. 8-9

*United States v. Kroll,*
  918 F.3d 47 (2d Cir. 2019) ..................................................................................... 6

*United States v. Pizzonia,*
  577 F.3d 455 (2d Cir. 2009) ................................................................................... 8

*United States v. Rosa,*
  507 F.3d 142 (2d Cir. 2007) ................................................................................... 6

*United States v. Torres,*
  No. 13 Civ. 7885 (DC), 2014 WL 12727208 (S.D.N.Y. Jan. 13, 2014) ................... 5

*Welch v. United States,*
  136 S. Ct. 1257 (2016) ...................................................................................... 4, 9

*Woods v. United States,*
  No. 16 Civ. 6413 (MAT), 2019 WL 3859027 (W.D.N.Y. Aug. 16, 2019) ................ 8

**Statutes**

18 U.S.C. § 16 ............................................................................................................. 4
18 U.S.C. § 924(c) ............................................................................................. *passim*
18 U.S.C. § 1962(d) .......................................................................................... *passim*
18 U.S.C. § 2255 ............................................................................................... *passim*
21 U.S.C. § 846 ........................................................................................................... 1

Defendant Devante Joseph submits this motion pursuant to 28 U.S.C. § 2255 to vacate his conviction under 18 U.S.C. § 924(c), based on the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). In *Davis*, the Court held the residual clause of 18 U.S.C. § 924(c)(3)(B) unconstitutionally vague.

Mr. Joseph pled guilty to two offenses: a racketeering conspiracy, in violation of 18 U.S.C. § 1962(d), and the use of a firearm in furtherance of this conspiracy, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). *Davis* renders Mr. Joseph's § 924(c) conviction invalid because it was based on that statute's unconstitutional residual provision. Without this provision, RICO conspiracy is not a "crime of violence" for purposes of § 924(c). Accordingly, Mr. Joseph's § 924(c) conviction and sentence must be vacated.

## BACKGROUND

**Mr. Joseph's Conviction and Sentence**

In April 2016, Devante Joseph and more than sixty co-defendants were charged in a superseding indictment for offenses connected to the defendants' alleged involvement with "Big Money Bosses," a street gang operating in the Bronx. Count One of the indictment charged Mr. Joseph and others with a conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act (RICO conspiracy), as prohibited by 18 U.S.C. § 1962(d). Count Two charged certain defendants with a narcotics conspiracy, in violation of 21 U.S.C. § 846. Count Three charged certain defendants with distribution of drugs near school grounds, in violation of 21 U.S.C. § 846. Finally, Count Four charged the use and discharge of firearms in connection with the conspiracies charged in Count One and Count Two, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). Mr. Joseph was named in Counts One and Four only.

1

In December 2016, Mr. Joseph agreed to plead guilty to Counts One and Four, pursuant to a written plea agreement with the government. A copy of this plea agreement is attached as *Exhibit A*.

The Court conducted a guilty plea allocution on December 12, 2016. A copy of the transcript of that allocution (cited as "Tr.") is attached as *Exhibit B*. During this allocution, the Court advised Mr. Joseph that he was pleading guilty to "participating in a racketeering conspiracy in violation of 18 U.S.C. Section 1962(d)" and "using, carrying or possessing a firearm during and in relationship to the racketeering conspiracy." Tr. 8-9.

With respect to the elements of the RICO conspiracy offense, the government attorney stated, in relevant part, that if the matter were to proceed to trial the government would be required to prove:

> First, that there was an agreement between two or more people to participate in an enterprise. Here, the BMB enterprise charged in the indictment that would affect interstate commerce. Second, that the defendant knowingly became a member of that conspiracy. And third, that the defendant and another member of the conspiracy agreed to commit at least two racketeering acts.

Tr. 9-10. With respect to the firearm offense, counsel further stated that the government would be required to prove:

> First, that the defendant committed a crime of violence which he might be prosecuted for here is the charged racketeering conspiracy in Count One. And second, that the defendant used or carried a firearm in furtherance and in relation to the commission of two or more -- or aided and abetted another which firearm was brandished.

Tr. 10.

After hearing these elements, Mr. Joseph proffered, in relevant part, that:

2

> From 2007 to 2016, I agreed to participate in an enterprise with a group of individuals that conducted the affairs through legal acts. I knowingly and intentionally participated in that enterprise and committed at least two illegal acts …. I agreed with others to participate in the robbery using force on May 7, 2013 in the Bronx. … On or about August 3, 2014, I agreed with others to participate in a robbery which force was used in the Bronx. … On or about March 23, 2016, I participated in a robbery with members of an enterprise knowing in advance that a firearm would be brandished. I acted as a lookout.

Tr. 18-19. The Court accepted Mr. Joseph's guilty plea.

Mr. Joseph was sentenced on April 12, 2017. Based on his RICO conspiracy and § 924(c) convictions, his advisory Sentencing Guidelines range was 121 to 130 months total: 37 to 46 months for the RICO conspiracy, with a consecutive, mandatory 84 months for the gun offense. *See* Transcript of Sentencing, ECF Docket No. 1306, at 7-8. In accord with the recommendation of the Probation Department, the Court imposed a total sentence of 102 months. *Id.* at 8, 23.

Mr. Joseph did not file any direct appeal of his conviction. As of this date, he remains incarcerated in federal custody, with a planned release date of October 2023.

**The Supreme Court's *Davis* Decision**

Mr. Joseph pled guilty to a RICO conspiracy and to violating 18 U.S.C. § 924(c)(1)(A)(ii) by brandishing a gun in connection with that conspiracy. Section 924(c)(1)(A)(ii) states, in relevant part:

> any person who, during and in relation to any crime of violence or drug trafficking crime … for which the person may be prosecuted in a court of the United States, uses or carries a firearm, … shall, in addition to the punishment provided for such crime of violence or drug trafficking crime-- … (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years ….

Section 924(c)(3) defines a "crime of violence" as a felony offense that:

3

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Section 924(c)(3)(A) is known as the "elements" or "force" clause and § 924(c)(3)(B) is known as the "residual" clause.

In *United States v. Davis*, 139 S. Ct. 2319 (2019), the Supreme Court held § 924(c)(3)(B) unconstitutionally vague. In its opinion, the Court noted that it had already invalidated two statutes "that bear more than a passing resemblance" to § 924(c)'s residual clause. *Davis*, 139 S. Ct. at 2325. First, in *Johnson v. United States*, 135 S. Ct. 2552 (2015), the Court struck down a similarly-worded clause of the Armed Career Criminal Act (ACCA), as unconstitutionally vague.[1]

Next, in *Sessions v. Dimaya*, 138 S. Ct. 1204, 1210 (2018), the Court held unconstitutional a similar clause in 18 U.S.C. § 16's definition of a crime of violence.

Following these decisions, and affirming that, "[i]n our constitutional order, a vague law is no law at all," the Supreme Court ruled that § 924(c)(3)(B)'s residual clause is unconstitutionally vague. *Davis*, 139 S. Ct. at 2324. In the Court's words, the clause "provides no reliable way to determine which offenses qualify as crimes of violence." *Id.* As part of its ruling, the *Davis* Court also rejected the government's argument that it could avoid invalidating this clause by abandoning the Court's long-

---

[1] The following term, in *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016), the Supreme Court held that *Johnson* announced a new "substantive rule that has retroactive effect in cases on collateral review."

4

standing "categorical" approach and examining the facts of an underlying predicate offense to determine if it is "violent." *See id.* at 2327. Instead, the Supreme Court affirmed that courts should continue to use the categorical approach to decide if an offense qualifies as a crime of violence for purposes of § 924(c). *See id.* at 2328-36.

*Davis* was decided in June 2019. By order dated September 13, 2019, this Court appointed the Federal Defenders of New York to represent Mr. Joseph "for the purpose of determining eligibility for relief under *Davis*." The defense now submits this motion pursuant to 28 U.S.C. § 2255 based on the *Davis* ruling.

## ARGUMENT

### I. Applicable Law

#### A. The Standard for Relief Under 28 U.S.C. § 2255

A federal prisoner may challenge his conviction and sentence under 28 U.S.C. § 2255 if it was "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Where a judgment is found "vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). A court may act on this motion "without requiring the production of the prisoner." 28 U.S.C. § 2255(c); *see also United States v. Torres*, 13 Civ. 7885 (DC), 2014 WL 12727208, at *1 (S.D.N.Y. Jan. 13, 2014).

#### B. The Categorical Approach to Crimes of Violence

To determine whether an offense is a crime of violence for purposes of § 924(c), courts use a categorical approach. *See, e.g., Davis*, 139 S. Ct. at 2327; *United States v. Barrett*, 937 F.3d 126, 128 (2d Cir. 2019) (vacating § 924(c) conviction predicated

5

on Hobbs Act conspiracy because the decision whether an offense is a crime of violence "must be made categorically" and conspiracy offenses do not categorically qualify).

Under the categorical approach, courts may "'look only to the statutory definitions'—*i.e.*, the elements" of an offense and "*not* 'to the particular facts underlying those convictions.'" *Descamps v. United States*, 570 U.S. 254, 261 (2013) (quoting *Taylor v. United States*, 495 U.S. 575 (1990)); *see also United States v. Acosta*, 470 F.3d 132, 135 (2d Cir. 2006). "The key … is elements, not facts." *Descamps*, 570 U.S. at 261.

To determine the elements of a particular offense, a court consults the law itself and, to the extent that a law is divisible, a limited number of case-specific documents. *See, e.g.*, *Shepard v. United States*, 544 U.S. 13, 16 (2005); *United States v. Kroll*, 918 F.3d 47, 54-55 (2d Cir. 2019). These so-called *Shepard* documents include the defendant's indictment, plea agreement, plea colloquy, or jury instructions; they do not include other documents, such as police reports, a bill of particulars, or presentence reports. *See, e.g.*, *Shepard*, 544 U.S. at 16; *United States v. Rosa*, 507 F.3d 142, 154-56 (2d Cir. 2007). The documents are consulted only to determine the elements of the offense of which a defendant was convicted, not the facts of the case.

## II. Mr. Joseph's § 924(c) conviction should be vacated.

After *Davis*, Mr. Joseph's conviction under 18 U.S.C. § 924(c) is legally invalid and must be vacated. Mr. Joseph pled guilty to brandishing a firearm in connection with a RICO conspiracy. RICO conspiracy qualified as a crime of violence under § 924(c)(3)(B)'s residual clause. But the Supreme Court has held that clause unconstitutionally vague and RICO conspiracy is not categorically a crime of violence

6

under the remaining elements clause, § 924(c)(3)(A). Like Hobbs Act conspiracy, and other conspiracy offenses courts have revisited in the wake of *Davis*, RICO conspiracy does not have an element involving the use or threatened use of force. It is therefore not a crime of violence. Because Mr. Joseph's § 924(c) conviction and sentence are based exclusively on an unconstitutional provision of law, they should be vacated.

First, it is clear that Mr. Joseph plead guilty to § 924(c) offense based on the use and brandishing of a gun in connection with a RICO conspiracy. At his plea allocution, the Court and the government specifically stated that his plea was for brandishing a gun in connection with the RICO conspiracy charged in Count One. *See* Tr. 8-10. This is also confirmed in the parties' written plea agreement. *See Exhibit A*.

Next, following *Davis*, the Court should hold that a racketeering conspiracy is not a qualifying crime of violence. In order to be a crime of violence for purposes of § 924(c), an offense must have "as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). RICO conspiracy does not have such an element.

The Second Circuit has stated the elements of a RICO conspiracy, 18 U.S.C. § 1962(d), as follows: "To prove a RICO conspiracy, the Government need not establish the existence of an enterprise, … or that the defendant committed any predicate act …. It need only prove that the defendant knew of, and agreed to, the general criminal objective of a jointly undertaken scheme." *United States v. Arrington*, -- F.3d --, 2019 WL 5276747, at *6 (2d Cir. Oct. 18, 2019) (internal citations omitted); *see also Salinas v. United States*, 522 U.S. 52, 63 (1997) (discussing RICO

7

conspiracy and finding no overt act requirement); *United States v. Pizzonia*, 577 F.3d 455, 463 (2d Cir. 2009) (stating that RICO conspiracy is a conspiracy to participate in the charged enterprise's affairs and not a conspiracy to commit predicate acts).

In other words, and as the government confirmed at Mr. Joseph's plea, Tr. 9-10, the elements include only that the defendant entered an agreement to participate in an enterprise that would affect interstate commerce through a pattern of racketeering activity, *see Arrington*, 2019 WL 5276747 at *6—the government does not need to prove any act beyond that agreement.

There is thus no element involving the threatened, attempted, or actual use of physical force against the person or property of another. Accordingly, a racketeering conspiracy is not a crime of violence for purposes of § 924(c). *See, e.g.*, *United States v. Johnson*, 16 Cr. 281 (PGG), 2019 WL 4451320, at *27-28 (S.D.N.Y. Sep. 17, 2019) (noting that the government "concedes that, in light of *Davis*, racketeering conspiracy can no longer constitute a crime of violence" and vacating § 924(c) conviction related to racketeering conspiracy, despite government argument that conviction could also have been based on narcotics conspiracy); *Davis v. United States*, No. 18 Civ. 1308 (VB), 2019 WL 3429509, at *8-9 (S.D.N.Y. Jul. 30, 2019) (granting § 2255 motion to vacate § 924(c) conviction based on RICO conspiracy and ordering resentencing); *Woods v. United States*, No. 16 Civ. 6413 (MAT), 2019 WL 3859027, at *1-2 (W.D.N.Y. Aug. 16, 2019) (same); *United States v. Daniel Dibiase*, No. 12 Cr. 834 (ER), ECF Docket No. 184 (S.D.N.Y. Jul. 24, 2019) (government letter agreeing to vacate § 924(c) conviction predicated on RICO conspiracy, following *Davis*); *see also United States v.*

8

*Jones*, 935 F.3d 266, 271 (5th Cir. 2019) (holding "RICO conspiracy is not a crime of violence" and vacating § 924(c) trial convictions); *United States v. Davis*, No. 13-50368, 2019 WL 3991883, at *2 (9th Cir. Aug. 23, 2019) (vacating § 924(c) conviction predicated on RICO conspiracy and ordering resentencing).

A racketeering conspiracy is not a crime of violence under § 924(c)(3)(A)'s force clause for the same reasons that many conspiracies are not: conspiracy offenses require only an agreement to commit certain actions, and not the actual, attempted, or even threatened commission of the actions. The conspiracy offense therefore does not have an element involving the actual or threatened use of force *See, e.g., Barrett*, 937 F.3d at 128 (finding that Hobbs Act conspiracy is not a crime of violence post-*Davis*). This is true even if a court finds that a particular defendant's conduct *in fact* involved violence. *See id.*

As a result, it is clear that Mr. Joseph's conviction for illegally using a gun in furtherance of a RICO conspiracy was based on § 924(c)(3)(B)'s residual clause. Because this clause is unconstitutional, and RICO conspiracy is not a valid predicate under the force clause, Mr. Joseph's § 924(c) conviction cannot stand.

Finally, the Court should recognize that *Davis* announced a new rule of constitutional law that applies retroactively to cases on collateral review. For these purposes, *Davis* is indistinguishable from the Supreme Court's 2015 *Johnson* decision, which the Court subsequently held retroactive. *See Welch v. United States*, 136 S. Ct. 1257, 1265 (2016); *see also Schriro v. Summerlin*, 542 U.S. 348, 351 (2004) (stating that "decisions that narrow the scope of a criminal statute" apply

9

retroactively). Like *Johnson*, *Davis* is a new substantive rule, narrowing the scope of a criminal statute on constitutional grounds. If this ruling applied prospectively only, this would create "a significant risk that a defendant stands convicted of an act that the law does not make criminal or faces a punishment that the law cannot impose upon him." *Summerlin*, 542 U.S. at 352. *Davis* thus applies retroactively.

## CONCLUSION

For all of these reasons, the Court should grant the defense's motion pursuant to 18 U.S.C. § 2255 and vacate Mr. Joseph's § 924(c) conviction and sentence.

Dated:   New York, New York
         November 8, 2019

                                          Respectfully submitted,
                                          Federal Defenders of New York

                                      By: _/s/ Sarah Baumgartel____
                                           Sarah Baumgartel, Esq.
                                           Assistant Federal Defender
                                           Federal Defenders of New York
                                           52 Duane St., 10th Fl.
                                           New York, NY 10007
                                           T: (212) 417-8772