# EXHIBIT A

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 2, 2016

**BY EMAIL**

Richard M. Jasper, Esq.
276 Fifth Avenue, Suite 605
New York, NY 10001

COURT EXHIBIT # 1
DATE: 12/12/16
TIME: _____
CASE: 15-CR-95-28 (AJN)

Re: **United States v. Devante Joseph**, S2 15 Cr. 95 (AJN)

Dear Mr. Jasper:

On the understandings specified below, the Office of the United States Attorney for the Southern District of New York ("this Office") will accept a guilty plea from Devante Joseph (the "defendant") to Counts One and Four of the above-referenced Superseding Indictment (the "Indictment").

Count One of the Indictment charges the defendant with participating in a racketeering conspiracy, in violation of Title 18, United States Code, Section 1962(d), from at least in or about 2007, up to and including in or about 2016, and carries a maximum term of imprisonment of 20 years, a maximum term of supervised release of 3 years, a maximum fine, pursuant to Title 18, United States Code, Section 3571 of the greatest of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than the defendant resulting from the offense, and a $100 mandatory special assessment.

Count Four of the Indictment charges the defendant with using, carrying, and possessing firearms during and in relation to the racketeering conspiracy charged in Count One of the Indictment, and the narcotics conspiracy charged in Count Two of the Indictment, which firearms were discharged, in violation of Title 18, United States Code, Section 924(c)(1)(A)(iii). Count Four carries a maximum term of life imprisonment, a mandatory minimum term of 10 years' imprisonment, which must be served consecutively to any other term of imprisonment imposed, a maximum term of supervised release of five years, a maximum fine, pursuant to Title 18, United States Code, Section 3571, of the greatest of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than the defendant resulting from the offense, and a $100 mandatory special assessment. Under the terms of this agreement, however, the defendant will allocute that firearms charged in Count Four were brandished, and thus the parties agree that the applicable penalties are those set forth in Section 924(c)(1)(A)(ii), namely: a maximum term of life imprisonment, a mandatory minimum term of 7 years' imprisonment, which must be served consecutively to any other term of imprisonment imposed, a maximum term of supervised release of five years, a maximum fine, pursuant to Title 18, United

Rev. 07.20.2016

States Code, Section 3571, of the greatest of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than the defendant resulting from the offense, and a $100 mandatory special assessment. Moreover, in consideration of this agreement, the defendant waives his right to be charged with the "brandish" enhancement in an indictment or information.

The total maximum term of imprisonment on Counts One and Four is life, with a mandatory minimum term of seven years' imprisonment, to run consecutively to any other term of imprisonment imposed.

In consideration of the defendant's plea to the above offenses, the defendant will not be further prosecuted criminally by this Office (except for criminal tax violations, if any, as to which this Office cannot, and does not, make any agreement), for: (1) participating in a racketeering conspiracy, in violation of Title 18, United States Code, Section 1962(d), from at least in or about 2007, up to and including in or about 2016, as charged in Count One of the Indictment; and (2) using, carrying, and possessing firearms during and in relation to the racketeering conspiracy charged in Count One of the Indictment and the narcotics conspiracy charged in Count Two of the Indictment, as charged in Count Four of the Indictment, which firearms were brandished, it being understood that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 *et seq.* In addition, at the time of sentencing, the Government will move to dismiss any open Count(s) against the defendant. The defendant agrees that with respect to any and all dismissed charges he is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

The defendant hereby admits the forfeiture allegation with respect to Count One of the Indictment and agrees to forfeit to the United States, pursuant to Title 18, United States Code, Section 1963, (i) any interest the defendant acquired or maintained as a result of the commission of the offense alleged in Count One of the Indictment; (ii) any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise which the defendant has established, operated, controlled, conducted, or participated in the conduct of, in committing the offense alleged in Count One of the Indictment; and (iii) any property, constituting or derived from, any proceeds which the defendants obtained, directly and indirectly, from the racketeering activity alleged in Count One of the Indictment. It is further understood that any forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

The defendant further agrees to make restitution in an amount ordered by the Court in accordance with Sections 3663, 3663A and 3664 of Title 18, United States Code, and that the obligation to make such restitution shall be made a condition of probation, *see* 18 USC §3563(b)(2), or of supervised release, *see* 18 USC §3583(d), as the case may be.

In consideration of the foregoing and pursuant to United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") Section 6B1.4, the parties hereby stipulate to the following:

A. Offense Level

1. The November 1, 2016 Guidelines apply to this offense.

Count One

2. The Guideline applicable to the offense charged in Count One of the Indictment is U.S.S.G. § 2E1.1. Pursuant to U.S.S.G. §§ 2E1.1(a)(1) and (2), the base offense level is the greater of 19 and the offense level applicable to the underlying racketeering activity, each after application of Chapter Three, Parts A, B, C, and D of the Guidelines.

3. Pursuant to U.S.S.G. § 2D1.1, comment. (n.1), because there is more than one underlying offense, each underlying offense must be treated as if contained in a separate count of conviction for the purposes of subsection (a)(2).

4. Pursuant to U.S.S.G. § 3D1.1(a), because there are multiple underlying offenses—to wit, a robbery on or about May 7, 2013, and a robbery on or about March 23, 2016—a multiple count analysis must be performed.

5. Pursuant to U.S.S.G. § 3D1.2, each underlying offense comprises its own separate Group for Guidelines Analysis.

May 7, 2013 Robbery

6. The offense level for the defendant's participation in a robbery on May 7, 2013 is calculated as follows:

    a. The Guideline applicable to the robbery is U.S.S.G. § 2B3.1. Pursuant to U.S.S.G. § 2B3.1(a), the base offense level is 20.

7. Accordingly, the initial applicable Guidelines offense level for the defendant's participation in a robbery on May 7, 2013 is 20.

March 23, 2016 Robbery

8. The offense level for the defendant's participation in a robbery on March 23, 2013 is calculated as follows:

    a. The Guideline applicable to the robbery is U.S.S.G. § 2B3.1. Pursuant to U.S.S.G. § 2B3.1(a), the base offense level is 20.

9. Accordingly, the initial applicable Guidelines offense level for the defendant's participation in a robbery on March 23, 2013 is 20.

Multiple Count Analysis

10. In calculating the combined offense level, pursuant to U.S.S.G. § 3D1.4, the highest offense level is 20 for the defendant's participation in a robbery on or about May 7, 2013, which constitutes one Unit. Pursuant to U.S.S.G. § 3D1.4(a), the defendant's participation in a robbery on or about March 23, 2013 is equally serious, and therefore constitutes an additional Unit, resulting in a total of 2 Units. Two Units results in 2 additional offense levels pursuant to U.S.S.G. § 3D1.4. The initial combined offense level is therefore 22.

11. Assuming the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through his allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming the defendant has accepted responsibility as described in the previous sentence, the Government will move at sentencing for an additional one-level reduction, pursuant to U.S.S.G. § 3E1.1(b), because the defendant gave timely notice of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

In accordance with the above, the applicable Guidelines offense level is 19.

Count Four

12. Pursuant to U.S.S.G. § 2K2.4(b), the Guidelines sentence for Count Four is the minimum term of imprisonment required by the statute, and Chapters Three and Four of the Guidelines do not apply.

13. Accordingly, Count Four requires a 7-year mandatory minimum sentence of imprisonment to run consecutive to any other term of imprisonment imposed, pursuant to U.S.S.G. § 2K2.4(b) and 18 U.S.C. § 924(c)(1)(A)(ii).

B. Criminal History Category

Based upon the information now available to this Office (including representations by the defense), the defendant has zero criminal history points.

In accordance with the above, the defendant's Criminal History Category is I.

C. Sentencing Range

Based upon the calculations set forth above, the defendant's Guidelines range on Count One of the Indictment is 30 to 37 months' imprisonment. Count Four requires a mandatory minimum term of 84 months' imprisonment, which must be imposed consecutively to the sentence imposed on Count One. Therefore, the Guidelines range on Counts One and Four is 114 to 121 months' imprisonment, including a mandatory minimum sentence of 84 months' imprisonment (the "Stipulated Guidelines Range"). In addition, after determining the defendant's ability to pay, the Court may impose a fine pursuant to U.S.S.G. § 5E1.2. At Guidelines level 19, the applicable fine range is $10,000 to $100,000.

   The parties agree that neither a downward nor an upward departure from the Stipulated Guidelines Range set forth above is warranted. Accordingly, neither party will seek any departure or adjustment pursuant to the Guidelines that is not set forth herein. Nor will either party in any way suggest that the Probation Office or the Court consider such a departure or adjustment under the Guidelines.

   The parties agree that either party may seek a sentence outside of the Stipulated Guidelines Range based upon the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a).

   Except as provided in any written Proffer Agreement(s) that may have been entered into between this Office and the defendant, nothing in this Agreement limits the right of the parties (i) to present to the Probation Office or the Court any facts relevant to sentencing; (ii) to make any arguments regarding where within the Stipulated Guidelines Range of 114 to 121 months' imprisonment (or such other range as the Court may determine) the defendant should be sentenced and regarding the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a); (iii) to seek an appropriately adjusted Guidelines range if it is determined based upon new information that the defendant's Criminal History Category is different from that set forth above; and (iv) to seek an appropriately adjusted Guidelines range or mandatory minimum term of imprisonment if it is subsequently determined that the defendant qualifies as a career offender under U.S.S.G. § 4B1.1. Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G. § 3E1.1, regardless of any stipulation set forth above, if the defendant fails clearly to demonstrate acceptance of responsibility, to the satisfaction of the Government, through his allocution and subsequent conduct prior to the imposition of sentence. Similarly, nothing in this Agreement limits the right of the Government to seek an enhancement for obstruction of justice, *see* U.S.S.G. § 3C1.1, regardless of any stipulation set forth above, should it be determined that the defendant has either (i) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) committed another crime after signing this Agreement.

   It is understood that pursuant to U.S.S.G. § 6B1.4(d), neither the Probation Office nor the Court is bound by the above Guidelines stipulation, either as to questions of fact or as to the determination of the proper Guidelines to apply to the facts. In the event that the Probation Office or the Court contemplates any Guidelines adjustments, departures, or calculations different from those stipulated to above, or contemplates any sentence outside of the stipulated Guidelines range, the parties reserve the right to answer any inquiries and to make all appropriate arguments concerning the same.

   It is understood that the sentence to be imposed upon the defendant is determined solely by the Court. It is further understood that the Guidelines are not binding on the Court. The defendant acknowledges that his entry of a guilty plea to the charged offenses authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence. This Office cannot, and does not, make any promise or representation as to what sentence the defendant will receive. Moreover, it is understood that the defendant will have no right to

Case 1:15-cr-00095-AJN   Document 2681-1   Filed 11/08/19   Page 7 of 8

Page 6

withdraw his plea of guilty should the sentence imposed by the Court be outside the Guidelines range set forth above.

It is agreed (i) that the defendant will not file a direct appeal; nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 and/or Section 2241; nor seek a sentence modification pursuant to Title 18, United States Code, Section 3582(c), of any sentence within or below the Stipulated Guidelines Range of 114 to 121 months' imprisonment and (ii) that the Government will not appeal any sentence within or above the Stipulated Guidelines Range. This provision is binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, it is agreed that any appeal as to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) the above stipulation. The parties agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with the undischarged portion of any other sentence of imprisonment that has been imposed on the defendant at the time of sentencing in this case. The defendant further agrees not to appeal any term of supervised release that is less than or equal to the statutory maximum. The defendant also agrees not to appeal any fine that is less than or equal to $100,000, and the Government agrees not to appeal any fine that is greater than or equal to $10,000. Notwithstanding the foregoing, nothing in this paragraph shall be construed to be a waiver of whatever rights the defendant may have to assert claims of ineffective assistance of counsel, whether on direct appeal, collateral review, or otherwise. Rather, it is expressly agreed that the defendant reserves those rights.

The defendant hereby acknowledges that he has accepted this Agreement and decided to plead guilty because he is in fact guilty. By entering this plea of guilty, the defendant waives any and all right to withdraw his plea or to attack his conviction, either on direct appeal or collaterally, on the ground that the Government has failed to produce any discovery material, *Jencks* Act material, exculpatory material pursuant to *Brady* v. *Maryland*, 373 U.S. 83 (1963), other than information establishing the factual innocence of the defendant, and impeachment material pursuant to *Giglio* v. *United States*, 405 U.S. 150 (1972), that has not already been produced as of the date of the signing of this Agreement.

It is further agreed that should the conviction(s) following the defendant's plea(s) of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement (including any counts that the Government has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

It is further understood that this Agreement does not bind any federal, state, or local prosecuting authority other than this Office.

Rev. 07.20.2016

Apart from any written Proffer Agreement(s) that may have been entered into between this Office and defendant, this Agreement supersedes any prior understandings, promises, or conditions between this Office and the defendant. No additional understandings, promises, or conditions have been entered into other than those set forth in this Agreement, and none will be entered into unless in writing and signed by all parties.

Very truly yours,

PREET BHARARA
United States Attorney

By: *Rachel Maimin*
Rachel Maimin
Micah W.J. Smith
Hagan Scotten
Jessica Feinstein
Drew Johnson-Skinner
Assistant United States Attorneys
(212) 637-2460

APPROVED:
Nola Heller
Chief, Violent and Organized Crime Unit

AGREED AND CONSENTED TO:

*Devante Joseph*
Devante Joseph

12/12/16
DATE

APPROVED:

*Richard Jasper*
Richard Jasper, Esq.
Attorney for Devante Joseph

12/12/16
DATE

Rev. 07.20.2016