UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #:_____            │
│ DATE FILED: 9/13/21              │
└─────────────────────────────────┘
```

United States,

—v—

Devante Joseph,

Defendant.

15-cr-95 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

Defendant Devante Joseph filed a motion seeking compassionate release or a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A).  For the reasons that follow, his motion is DENIED.

## I.    BACKGROUND

Defendant was arrested in 2016 for his involvement with the Big Money Bosses, a criminal enterprise that operated in Bronx, New York.  Dkt. No. 1080, PSR ¶¶ 21–25.[1]  The street gang trafficked in narcotics and engaged in acts of violence, including shootings, stabbings, gang assaults, and robberies.  *Id.* ¶¶ 13, 20.  As a member of the BMB, Defendant carried firearms and participated in gang-related robberies.  *Id.* ¶¶ 21–25.  After his arrest, Defendant was charged, *inter alia*, with one count of participating in a racketeering conspiracy in violation of 18 U.S.C. § 1962(c) and one count of brandishing a firearm in relation to a

---

[1] The factual description of the Defendant's offense in the pre-sentence report was adopted by the Court without objection at the Defendant's sentencing hearing.  Dkt. No. 1306, 2017 Sent. Tr. at 5.

racketeering conspiracy in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  *See* Dkt. No. 97.
Defendant pled guilty to these counts in 2016.

At the 2017 sentencing, the Court acknowledged that the plea agreement stipulated to a
particular calculation of the sentencing guidelines, and the Court independently calculated the
guidelines range to be 121 to 130 months' imprisonment.  2017 Sent. Tr. at 5–8.  The Court
recognized that Defendant "proudly aligned" himself with BMB and had "himself committed
acts of violence with the gang including violent street robberies which have real victims, create
real fear, and do real damage to all members of that community." *Id.* at 21–22.  It also noted his
criminal history of attempted murder and gang assault.  *Id.*  The Court accounted for various
mitigating factors—including his youth and the prospect of rehabilitation, his difficult childhood,
and his expression of remorse—and also considered the need to avoid unwarranted sentence
disparities.  *Id*. at 22–23.  The Court ultimately sentenced Defendant to 102 months'
imprisonment—18 months as to Count One and 84 months as to Count Four, to be served
consecutively.  *Id.* at 23; *see also* Dkt. No. 1278.

His conviction and sentence as to Count 4 (the 924(c) violation) was subsequently
vacated in light of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319
(2019).  Dkt. No. 2831.  On April 23, 2020, the Court resentenced Defendant on the remaining
Count One.  It recalculated the guidelines range to be 57 to 71 months' imprisonment and
imposed a sentence of 90 months' imprisonment.  2020 Sent. Tr. at 28, 32.  In doing so, the
Court emphasized that the nature and circumstances of the offense were the same as when the
Court imposed its original sentence of 102 months' imprisonment.  *Id*. at 28.  And while the
Court found Mr. Joseph's participation in classes and programming "encouraging in terms of his
prospects for rehabilitation," it also weighed his disciplinary record, which included recent,

violent incidents and reflected an "unfortunate pattern of antisocial or rule-breaking behavior." *Id*. at 30–31.

Defendant submitted a request for release to the BOP on August 3, 2020.  Dkt. No. 3057 at 2.  Having received no response within 30 days of the request, Defendant subsequently filed for compassionate release through counsel on October 20, 2020.  *See* Dkt. No. 3057.  The Government submitted an opposition on October 30, 2020, and the Defendant filed a counseled supplemental motion on December 7, 2020.  Dkt. Nos. 3075, 3111.

## II.    DISCUSSION

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal citation and quotation marks omitted).  The compassionate-release statute creates one such exception:  It allows a court to "reduce" a term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a), if "it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A)(i)–(ii).  Under the recently enacted First Step Act, defendants serving their sentence may move the Court for compassionate release after they have exhausted their administrative remedies or thirty days have lapsed from the receipt of a compassionate release request by the warden.  *United States v. Scparta*, No. 18-cr-578 (AJN), 2020 WL 1910481, at *4 (S.D.N.Y. Apr. 20, 2020).

In order for a defendant to be eligible for a reduction of their term of imprisonment under 18 U.S.C. § 3582(c)(1)(A), there must be "extraordinary and compelling reasons" warranting such a reduction.   The Second Circuit has recently held that the Sentencing Commission's

policy statement §1B1.13 Note 1(D), which instructs that the power to determine what reasons

are extraordinary and compelling remains exclusively with the Bureau of Prisons director, is no

longer applicable.  *See United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020).  Therefore,

this Court may "independently . . . determine what reasons, for purposes of compassionate

release, are 'extraordinary and compelling.'"  *Id.*

Moreover, presenting an extraordinary and compelling reason for release is only one of

the requirements for a reduction in one's prison sentence under 18 U.S.C. § 3582(c)(1)(A).  *See*

*United States v. Ebbers*, 432 F. Supp. 3d 421, 430–31 (S.D.N.Y. 2020).  The Court must also

determine that granting release is consistent with the factors set forth in 18 U.S.C. § 3553(a) and

the applicable policy statements of the Sentencing Commission to determine if release is

appropriate.  *See* 18 U.S.C. § 3582(c)(1)(A).  In particular, the Court must consider whether a

reduced sentence would still "reflect the seriousness of the offense . . . promote respect for the

law . . . provide just punishment for the offense" and "afford adequate deterrence to criminal

conduct." 18 U.S.C. § 3553(a)(2)(A), (B).

Mr. Joseph—who is 23 years old—concedes that he is "probably healthier than many."

Dkt. No. 3057 at 6.  However, he contends that his umbilical hernia and "unexplained kidney

problem," in combination with the general threat of COVID-19 and the carceral conditions due

to the pandemic, warrant compassionate release. Dkt. No. 3057 at 6; *see also* Dkt. No. 3111 at 1–

2.  The Court disagrees.  First, hernia is not among the conditions that may present a higher risk

of serious complications from COVID-19. *See COVID-19 (Coronavirus Disease):* People with

Certain Medical Conditions, CENTERS FOR DISEASE CONTROL & PREVENTION,

https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-

conditions.html (last updated Aug. 20, 2021).  Second, as the Government notes, Mr. Joseph's

medical records show that his kidneys are "unremarkable." Dkt. No. 3075 at 4. Third, facts

regarding the danger of COVID and the dangers posed as a result of underlying health conditions

change over time. Most notably here, BOP now offers inmates the opportunity to be vaccinated

against COVID-19. In sum, the Defendant has not established that extraordinary circumstances

merit the relief he seeks, and his motion must be denied on that basis.

Even assuming Defendant had established extraordinary circumstances, however, the

sentencing factors in 18 U.S.C. § 3553(a) would counsel against granting Defendant's requested

relief. *See* 18 U.S.C. § 3582(c)(1)(A) (noting that if the court finds extraordinary and compelling

reasons warranting relief, it shall consider "the factors set forth in section 3553(a) to the extent

they are applicable"). Defendant notes that he has participated in educational programming and

has not had additional disciplinary issues since his 2020 resentencing. Dkt. No. 3057 at 7.

While the Court commends his efforts, these factors do not outweigh the remaining § 3553

factors in this case. At Mr. Joseph's original sentencing, the Court had "no doubt that a serious

and substantial sentence [was] warranted in order to . . . reflect the seriousness of the offense,

promote respect for the law, and to provide just punishment for the offense and to protect the

public from future crimes of the defendant," considering his "membership in BMB, his role in

the conspiracy, [and] his history of violence." 2017 Sent. Tr. at 22. This remained true at his

2020 resentencing. There, the Court highlighted that Mr. Joseph "proudly aligned" himself with

a violent criminal gang that "did great destruction and damage and harm to the community."

2020 Sent. Tr. at 28–29. He "commit[ed] violent street robberies with the gang." *Id*. at 29.

Moreover, Mr. Joseph's sentence of 90 months' imprisonment is comparable to the sentences of

other members of the BMB who pled guilty to the racketeering conspiracy. *See* Dkt. No. 3075 at

6 (listing Barffour Abeberse (102 months), Hakeem Campbell (96 months), Mashud Yoda (96 months), and Shane Bennett (96 months)); *see also* 18 U.S.C. § 3553(a)(6).

On balance, the Court concludes that the § 3553(a) factors—including the need to account for the seriousness of the offense, to promote respect for the law, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes—counsel against granting Mr. Joseph's motion. *See* 18 U.S.C. § 3553(a)(2)(A)–(C).

### III.   CONCLUSION

For the reasons stated above, Defendant's motion for compassionate release is DENIED. This resolves Dkt. Nos. 3057, 3075, 3111, and 3230.

SO ORDERED.

Dated:  September 13, 2021
        New York, New York

_____
        ALISON J. NATHAN
    United States District Judge